**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

GABRIEL RANSOM KINCAID,

        Plaintiff,

   v.

JUDGE DAVID GRUBICH,
LAURA LYNCH, MANAGER CITY
WATER DEPT., ANTHONY FLYNN
(NORTH WEST ENERGY)

        Defendants.

**No. CV-26-19-GF-JTJ**

**FINDINGS AND
RECOMMENDATIONS**

Plaintiff Gabriel Ransom Kincaid (Kincaid), appearing pro se, filed a Complaint (Doc. 2) against Defendants Judge David Grubich and Laura Lynch (Lynch), Manager of Great Falls Water Department, alleging claims under 42 U.S.C § 1983 and 18 U.S.C § 2071.  Kincaid filed a Supplemental Complaint adding "Anthony Flynn (North West (sic) Energy)" as an additional Defendant. (Doc. 4).

On March 13, 2026, the Court dismissed Kincaid's Supplemental Complaint against Judge Grubich on the grounds of judicial immunity. (Doc. 7). The Court amended this Order to *recommend* that Kincaid's Supplemental Complaint against Grubich be dismissed. (Doc. 14).

1

The Court further ordered Kincaid's claims against Flynn should be dismissed for failure to state a plausible claim for relief as Kincaid's allegations failed to demonstrate that Flynn was a state actor or acting under the color of state law. (Doc. 7, pp. 4-6.).  The Court, however, allowed Kincaid leave to amend his Supplemental Complaint to cure this pleading deficiency. (Id.).

Regarding Kincaid's allegations against Lynch, the Court determined Kincaid alleged a plausible claim for relief. (Id.).  The Court, however, ordered Kincaid to amend his Supplemental Complaint against Lynch, specifying whether he was suing her in her *official capacity* seeking injunctive relief or whether he was suing in her *individual capacity* seeking monetary relief . (Id.)

Kincaid filed an Amended Complaint on March 24, 2026. (Doc. 8). Kincaid's Amended Complaint provides that he is suing Lynch in her official capacity. (Id). Based upon the Court's earlier determination that Kincaid alleged a plausible claim for relief against Lynch (Doc 7, p. 6) the Court recommends Kincaid's Amended Complaint  be served on Lynch.

Because Kincaid is proceeding in forma pauperis, he is entitled to have his complaint and summonses served by the United States Marshal. Fed. R. Civ. P. 4(c)(3). Nonetheless, Kincaid is obligated to provide the Court with an appropriate address for service on Defendant, Lynch. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (*overruled on other grounds Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)).  When a

2

plaintiff proceeding in forma pauperis fails to provide the Court with accurate and sufficient information to effect service of the summons and complaint, the Court may sua sponte dismiss the unserved defendant. *Id.*

Kincaid must provide the Court with accurate and sufficient information to effect service of summons and complaint. For a corporation, partnership or association, the address must be for "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(d)(1)(A)(ii) and 4(h)(1)(B).

Regarding Kincaid's Amended Complaint against Flynn (Doc. 8, ¶ 3), it does not cure the pleading deficiency in his Supplemental Complaint. It does not contain any additional facts alleging how Flynn, as an employee of North West (sic) Energy (Doc. 4, p. 6), a private utility company, is a state actor or acted under the color of state law.

Based on the foregoing, **IT IS HEREBY RECOMMENDED** as follows:

1. Kincaid's Supplemental Complaint against Grubich (Doc. 4) be DISMISSED on the grounds of judicial immunity. This dismissal should be without leave to amend.

2. Kincaid's Amended Complaint against Flynn (Doc. 8) be DISMISSED for failure to state a plausible claim for relief.

3. On or before **April 30, 2025**, Kincaid shall file a notice which provides the Court with an appropriate address for service on Lynch. A failure to provide

3

this information will result in a recommendation that this matter be dismissed without prejudice for failure to serve.

4. At all times during the pendency of this action, Kincaid must immediately advise the Court of any change of address and its effective date. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

DATED this 14th day of April 2026.

John Johnston
United States Magistrate Judge