**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| GABRIEL RANSOM KINCAID,<br><br>           Plaintiff,<br><br>vs.<br><br>JUDGE DAVID GRUBICH; LAURA LYNCH, MANAGER CITY WATER DEPT.; ANTHONY FLYNN (NORTH WEST ENERGY),<br><br>           Defendants. | **CV-26-19-GF-BMM**<br><br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |

**INTRODUCTION**

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on April 14, 2026. (Doc. 15.) Judge Johnston recommended that the Court dismiss the complaint Plaintiff Gabrial Ransom Kincaid ("Kincaid") made against Defendants Judge David Grubich ("Judge Grubich") and Anthony Flynn ("Flynn"). (*See* Docs. 7, 14, and 15.) Judge Johnston further recommended that the Court dismiss Kincaid's complaint against Defendant Laura Lynch ("Lynch") if Kincaid failed to provide the Court with an appropriate address for service on Lynch. (*Id*. at 3-4.) Kincaid did not timely file

objections. The Court now adopts Judge Johnston's Findings and

Recommendations.

## BACKGROUND

Kincaid filed a Complaint against Defendants Judge Grubich and Lynch, the

manager of the Great Falls Water Department on February 2, 2026, alleging claims

under 42 U.S.C. § 1983 and 18 U.S.C. § 2071. (Doc. 2.) Kincaid filed a

Supplemental Complaint on February 23, 2026, naming Flynn as an additional

defendant. (Doc. 4.) Judge Johnston recommended dismissal of Kincaid's claims

against Judge Grubich on the grounds of judicial immunity. (Doc. 7, 15.) The

Court directed Kincaid to file an Amended Complaint against Flynn and Lynch.

(*Id*.) Kincaid filed an Amended Complaint against Flynn and Lynch on March 24,

2026. (Doc. 8.)

## LEGAL STANDARD

The Court reviews for clear error the portions of the Findings and

Recommendations to which the party did not specifically object. *McDonnell*

*Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir.

1981). Kincaid did not object to Judge Johnston's Findings and Recommendation.

## I.    KINCAID'S COMPLAINT AGAINST JUDGE GRUBICH

Judge Johnston recommended dismissal of Kincaid's Supplemental

Complaint against Judge Grubich based on judicial immunity. (Doc. 7.) Kincaid's

claims against Judge Grubich stem from his alleged denial of Kincaid's request for a Temporary Restraining Order ("TRO") to prevent the City of Great Falls Water Department from cutting his water off without a hearing and for concealing records allegedly in violation of 18 U.S.C. § 2071. (*Id*. at 3.)

Judges remain entitled to judicial immunity for actions taken in their judicial capacity. *Stump v. Sparkman*, 436 U.S. 951, 1101 (1978). Judicial immunity applies even when a judge's actions are alleged to be erroneous, malicious, or in excess of authority. *Id.* A judge is subject to liability only when he has acted in the clear absence of all jurisdiction. *Id.* Judge Johnston correctly noted that Judge Grubich's actions of allegedly denying Kincaid's TRO and hearing request had been taken within his judicial capacity. The Court finds no clear error in Judge Johnston's recommendation to dismiss Kincaid's claims against Judge Grubich on the grounds of judicial immunity. The Court adopts Judge Johnston's findings.

## II.   KINCAID'S COMPLAINT AGAINST ANTHONY FLYNN

Judge Johnston recommended dismissal of Kincaid's Supplemental Complaint against Flynn based on Kincaid's failure to state a plausible claim for relief. (Doc. 7 at 4-6.) Kincaid failed to demonstrate that Flynn was a state actor or acting under the color of state law. (*Id*.) Judge Johnston allowed Kincaid to file an Amended Complaint. (*Id*.) Judge Johnston determined that Kincaid's Amended Complaint did not cure the pleading deficiencies as it failed to include additional

3

facts establishing how Flynn was a state actor or acting under the color of state law. (Doc. 8 at 3.)

A party asserting a claim made under 42 U.S.C. § 1983 for constitutional rights violations must allege that the defendant was acting under the color of state law. Kincaid's Amended Complaint failed to allege additional facts describing how Flynn was acting under the color of state law. (*See generally* Doc. 8.) Flynn is an employee of the private utility company, North West [*sic*] Energy, not an individual acting under the color of state law. The Court finds no clear error in Judge Johnston 's recommendation to dismiss Kincaid's Amended Complaint against Flynn for failing to state a plausible claim of relief. The Court adopts Judge Johnston's findings.

III.   KINCAID'S COMPLAINT AGAINST LAURA LYNCH

Judge Johnston determined that Kincaid did plausibly state a claim of relief against Lynch. (Doc. 7 at 6; Doc. 8.) Kincaid's Amended Complaint clarified that he was suing Lynch in her official capacity as the Manager of the Great Falls Water Department. (Doc. 8.) Judge Johnston ordered that Kincaid provide Lynch's address to allow the United States Marshal's to serve his complaint and summonses on Lynch. (Doc. 15 at 2.) Judge Johnston ordered that Kincaid provide Lynch's address by April 30, 2026, to effectuate service. (*Id*. at 3.) Judge Johnston

recommended that the Court dismiss Kincaid's Amended Complaint against Lynch if Kincaid failed to timely provide Lynch's address by April 30, 2026. (*Id*.)

Judge Johnston properly determined that Kincaid had alleged a plausible claim for relief against Lynch and recommended that Kincaid's Amended Complaint be served on Lynch after receipt of Lynch's address. (Doc. 15 at 3-4.) Kincaid is proceeding in this matter in forma pauperis. Kincaid was entitled to have his Amended Complaint and summonses served by the United States Marshal pursuant to Fed. R. Civ. P. 4(c)(3) as he was proceeding in forma pauperis. Kincaid needed to provide the Court with an address for service on Lynch by April 30, 2026, to avoid dismissal. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (*overruled on other grounds Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)). Kincaid failed to provide the Court with an address for Lynch by April 30, 2026. The Court dismisses Kincaid's Amended Complaint against Lynch.

## IV.    Kincaid's Emergency and Contempt Motions

Judge Johnston further denied Kincaid's Motions for Contempt (Doc. 9 and 10), Emergency Motion to Immediate Connection of Water Service (Doc. 11), and Emergency Motion For Immediate Restoration of Utilities (Doc. 12). (Doc. 13.) Judge Johnston had not issued an injunction to allow for Kincaid's requested relief. (Doc. 13 at 3.) Kincaid had not yet properly served Kincaid's Amended Complaint on Defendants. (*Id*.) Judge Johnston could not rule on Kincaid's emergency

motions without receipt that Defendants received service. Judge Johnston denied Kincaid's motions as premature. (Doc. 13 at 4.) The Court adopts Judge Johnston's reasoning for denying Kincaid's Emergency Motions and Motions for contempt. (Doc. 13.)

## ORDER

Accordingly, **IT IS ORDERED** that the Court adopts in full Judge Johnston's Findings and Recommendations (Doc. 15.)

1. Kincaid's Supplemental Complaint against Judge Grubich (Doc. 4) is **DISMISSED** without leave to amend.

2. Kincaid's Amended Complaint against Anthony Flynn (Doc. 8) is **DISMISSED**.

3. Kincaid's Amended Complaint against Laura Lynch (Doc. 8.) is **DISMISSED**.

4. Kincaid's Emergency Motions and Motions for Contempt (Docs. 9, 10, 11, and 12) are **DENIED**.

5. The Clerk is directed to enter judgment accordingly.

DATED this 5th day of May 2026.

Brian Morris, Chief District Judge
United States District Court